## CITY OF OKLAHOMA CITY v. HASKELL, *Governor.*

No. 1545.    Opinion Filed November 16, 1910.

**MANDAMUS—Executive Functions of Governor.** The courts of the state are without jurisdiction to control the Governor by mandamus in the exercise of his executive functions.

(Syllabus by the Court.)

*Original Action for Writ of Mandamus.*

Mandamus by Oklahoma City against C. N. Haskell, Governor. Petition dismissed.

*James S. Twyford,* City Attorney, for plaintiff.

*Chas. West,* Attorney General, and *W. C. Reeves,* Assistant Attorney General, for defendant.

DUNN, C. J. This is an original action in the Supreme Court brought by the city of Oklahoma City in which a writ of mandamus is sought against the defendant, Charles N. Haskell, as Governor of the state of Oklahoma, requiring him as such official to appoint a commission to appraise the value of a strip of land which the board of park commissioners of the city of Oklahoma City desire to appropriate across certain public lands owned by the state for the location of a boulevard of the city. The proceeding is being taken under the provisions of the chapter on eminent

domain (ch. 37, p. 804, Comp. Laws of Okla. 1909) which provide for the condemnation for certain purposes of lands set apart for the use and benefit of the state for public schools, public buildings, and educational institutions, and establishes a procedure therefor, making it the duty of the Governor to appoint three disinterested persons to appraise the value of the ground taken and the damage done the remaining part. On the Governor's refusal to appoint the board of appraisers provided for, this action was brought to secure a writ of mandamus to compel him to do so. This court is without jurisdiction, for the reason that the courts of the state are without jurisdiction to control the Governor by mandamus in the exercise of his executive functions. This question was gone into, passed on, and determined in the case of *State of Oklahoma ex rel. Attorney General v. A. H. Huston (infra)*, an opinion of this court recently delivered, and it would be of no practical value to further discuss or reiterate the reasoning of that case. The petition is, accordingly, dismissed.

All the Justices concur.